UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:14-cv-22586-FAM

JUAN ALMANZAR and JOCELYN EVANS,
on behalf of themselves and all others similarly
situated,

        Plaintiffs,

v.

SELECT PORTFOLIO SERVICING, INC.,
STANDARD GUARANTY INSURANCE
COMPANY, VOYAGER INDEMNITY
INSURANCE COMPANY, and AMERICAN
SECURITY INSURANCE COMPANY,

        Defendants.
_____/

## FINAL JUDGMENT

This action having settled pursuant to the Stipulation and Settlement Agreement (the "Settlement Agreement") and the Court having entered an Order Granting Final Approval to Class Action Settlement (the "Final Order"), which is hereby made part of the Final Judgment, it is hereby,

    **ADJUDGED** as follows:

    1.    This action, including all individual claims and class claims presented herein, is hereby **DISMISSED** on the merits and with prejudice against the Named Plaintiffs and all other Settlement Class Members, without fees (including attorneys' fees) or costs to any party except as otherwise provided in the Final Order. Unless otherwise indicated, capitalized terms in this Final Judgment shall have the meanings attributed to them in the Settlement Agreement. For the

avoidance of doubt, as used in this Final Judgment, the following terms shall have the meanings set forth below:

    a.    "Named Plaintiffs" means Juan Almanzar and Jocelyn Evans.

    b.    "Settlement Class Members" are members of the "Settlement Class," which consists of the following:

(i) All Borrowers in the United States who, within the Settlement Class Period (as defined in Paragraph 1(b)(ii) below), were charged by SPS under a hazard or wind-only LPI Policy for Residential property, and who, within the Settlement Class Period, either (i) paid to SPS the Net Premium for that LPI Policy or (ii) did not pay to and still owe SPS the Net Premium for that LPI Policy. Excluded from the Settlement Class are: (i) individuals who are or were during the Settlement Class Period officers or directors of the Defendants in the Action or any of their respective Affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; and (iii) Borrowers who only had an LPI Policy that was canceled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower's escrow account.

(ii) The Settlement Class Period shall commence on July 11, 2010 and shall continue through and including October 15, 2015.

(iii) For purposes of the Settlement Class definition, Borrowers will be treated as within exclusion (iii) if the Borrower's account was credited fully for premiums charged or such charges were fully reversed.

    c.    "SPS" means Select Portfolio Servicing, Inc., and its predecessors and successors.

    d.    "Affiliate" of an entity means any person or entity that controls, is controlled by, or is under common control with such entity.

    e.    "Assurant Defendants" means American Security Insurance Company ("ASIC"), Standard Guaranty Insurance Company ("SGIC"), and Voyager Indemnity Insurance Company ("VIIC").

f. "Lender-Placed Insurance" or "LPI" means the placement of hazard or wind-only insurance pursuant to a mortgage loan agreement, home equity loan agreement, or home equity line of credit serviced by SPS to cover a borrower's failure to maintain the required insurance coverage on the Residential property securing the loan.

g. "LPI" or "LPI Policy" means a lender-placed Residential hazard or wind-only insurance policy and such insurance coverage placed pursuant to a mortgage loan agreement, home equity loan agreement, or home equity line of credit serviced by SPS to cover a borrower's failure to maintain the required insurance coverage on the Residential property securing the loan.

h. "Net Premium" means the amount of premium charged to a Settlement Class Member for an LPI Policy during the Settlement Class Period less any refund paid or credited to the Settlement Class Member.

2. The Releasing Persons have released the Released Claims as against the Released Persons and are, from this day forward, hereby permanently barred and enjoined from directly or indirectly (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims; or (ii) organizing any Settlement Class Members, or any persons who would otherwise fall within the definition of the Settlement Class but who excluded themselves from the Settlement, into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims. For the

avoidance of doubt, as used in this Final Judgment, the following terms shall have the meanings set forth below:

      a.    "Released Claims" means any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each Settlement Class Member had, has or may have at any time until the close of the Settlement Class Period or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in the Almanzar Litigation or that relate, concern, arise from, or pertain in any way to (i) LPI; (ii) any Released Person conduct, policies, or practices concerning SPS's placement, or the Assurant Defendants' issuance, of LPI Policies during the Settlement Class Period, including but not limited to conduct, policies or practices concerning LPI Policies or to charges for SPS's Placement of LPI Policies during the Settlement Class Period; (iii) any LPI placement regardless of whether the LPI Policy was entirely or partially canceled; (iv) all claims related to SPS's insurance requirements; (v) the relationship, whether contractual or otherwise, between the SPS Defendants and the Assurant Defendants regarding LPI, including, but not limited to, the procuring, underwriting, placement, insurance tracking, or costs of LPI Policies; (vi) the coverage amount, duration, issue date, alleged "backdating," or alleged excessiveness of any LPI Policies placed or charged by SPS; (vii) the payment or receipt of commissions, income or benefits relating to reinsurance agreements, expense reimbursements, alleged "kickbacks," or any other compensation under any LPI Policies placed or charged by SPS; (viii) any alleged "tying"

arrangement involving SPS and LPI; (ix) the disclosure or non-disclosure of any payment, expenses, fees, charges, or features pertaining to or under any LPI Policies or coverage under such LPI Policies and charges for such coverage placed or charged by SPS; (x) the receipt or non-disclosure of any benefit under any LPI Policies or coverage under such LPI Policies and charges for such coverage placed or charged by SPS; (xi) the content, manner, or accuracy of any communications regarding the placement of any LPI Policies by SPS; (xii) the regulatory approval or non-approval of any LPI Policy, or the premium thereon, placed or charged by SPS.

      b.     "Released Persons" means, only with respect to Released Claims: (a) each Defendant, Pelatis Insurance Agency Corp., Pelatis Insurance Limited, Credit Suisse (USA), Inc., Assurant, Inc., and each of these companies' respective past or present, direct or indirect, Affiliates, parent companies, subsidiaries (direct or indirect), divisions, predecessors, successors, assigns, members, shareholders, investors, and all past or present officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of any such entities or persons; (b) any other insurance carriers that issued or may have issued LPI for SPS insuring real property owned by any Settlement Class Member; and (c) any investor or mortgage securitization trust which included loans made to any Settlement Class Member, and any trustees or persons related to such entities or persons, including, but not limited to, any direct or indirect subsidiary of any of them, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities.

      c.     "Releasing Persons" means Named Plaintiffs, all Settlement Class Members who do not properly and timely opt out of the Settlement, and their respective family members, heirs, administrators, successors, and assigns.

3. Notwithstanding the dismissal of this entire action, the Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Settlement Agreement, including jurisdiction to enter such further orders as may be necessary or appropriate.

4. Settlement Class Members shall promptly dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member in any jurisdiction and that have been released pursuant to the Settlement Agreement and Final Order and enjoined pursuant to this judgment.

5. Pursuant to Fed. R. Civ. P. 23(c)(3), SPS's counsel is directed to maintain for four (4) years the list of Settlement Class Members who have opted out of the Settlement and to provide that list to the Court upon request. Notwithstanding any part of this Final Judgment to the contrary, the Settlement Class Members who have opted out of the Settlement shall not be bound by the Settlement and their claims are hereby dismissed without prejudice, without fees (including attorneys' fees) or costs to any party.

DONE and ORDERED in Chambers in Miami, Florida, this 25 day of March, 2016.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record